## JENKINSON v. BOWEN.

PLEADING—SET OFF.—Where the maker of a note, in an action upon it by an assignee against him, pleads, that, at the time of the indorsement of the note by the payee to the plaintiff, the payee was indebted to him, &c., such averment will sufficiently show that the indebtedness accrued before notice of the assignment of the note.

APPEAL from the *Allen* Common Pleas.

WORDEN, J.—This was an action by *Bowen* against *Jenkinson*, upon two promissory notes, the one made by the defendant to the plaintiff, and the other made by the defendant to one *Joseph S. France*, and indorsed by the latter to the plaintiff. Judgment for the plaintiff for the amount of both notes.

The defendant pleaded, as to the latter note, by way of set off, that at the time of the indorsement of the note by *France* to the plaintiff, *France* was indebted to the defendant in an amount, which was stated, greater than the amount of the note. A demurrer was sustained to this paragraph of the answer, and exception taken.

No brief having been filed by the appellee, we are not advised upon what ground the pleading was supposed to be bad.

It is said by counsel for the appellant, that it was held bad because it did not allege that the indebtedness accrued before notice of the assignment. The statute provides that "whatever defence or set off the maker of any such instrument had, before notice of asssignment, against an assignor, or against the original payee, he shall also have against their assignees." 2 G. & H. 658. It is alleged that the indebtedness in question existed at the time of the assignment, and this must have been before the defendant had notice of such assignment. We see no substantial objection to the pleading, and are of opinion that the demurrer should have been overruled.

*Per Curiam.*—The judgment below is reversed, with costs.

*Jenkinson, Morris & Case*, for the appellant.